IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

```
B. F. BOLAND, d/b/a Boland    )
Homes and Real Estate,        )
                              )
    Plaintiff,                )
                              )      CIVIL ACTION NO.
    v.                        )        1:09cv976-MHT
                              )             (WO)
AUTO-OWNERS INSURANCE         )
COMPANY,                      )
                              )
    Defendant.                )
```

OPINION AND ORDER

Plaintiff B.F. Boland (doing business as Boland Homes and Real Estate) filed this lawsuit in state court asserting claims for bad faith and breach of contract against defendant Auto Owners Insurance Company. Auto Owners removed this lawsuit to this federal court based on diversity-of-citizenship jurisdiction, pursuant to 28 U.S.C. §§ 1441 and 1332. The lawsuit is now before the court on Boland's motion for remand. Boland does not dispute that the parties are citizens of different States, but rather contends that Auto Owners has failed

to establish the requisite amount in controversy.  For the reasons that follow, Boland's motion will be denied.

## I. BACKGROUND

The allegations in Boland's complaint may be summarized as follows: In March 2007, 21 pieces of property owned by Boland and insured by Auto Owners suffered storm damage; the insurance policies "provided coverage for accidental direct physical loss to [his] properties ... [and] for loss of rents in the event that the properties became unfit to live in due to the covered damage," Compl. at 3 (Doc. No. 1-2); see also id. at 6 ("[U]nder the terms of the Dwelling Insurance Policies ... Defendant was to provide benefits in the event Plaintiff's properties became damaged during a storm for said damage and loss of rents."); and Auto Owners has "wrongfully, without an arguable reason, and in violation of the terms of the policies refused to pay ... benefits due under the aforementioned polices of insurance." Id. at 4.

Auto Owners filed a notice of removal to this federal court. Among the documents attached to the removal notice is a fax from Boland dated June 3, 2008. The fax, according to its cover page, relates to the "Lowery St. Insurance Claim" and, in the "Notes" section, includes the following statement: "If Auto Owners will settle this claim on Lowery this week, I will let it rest." Def.'s Ex 5 at 2 (Doc. 1-6). The body of the fax is a chart listing the addresses of nine Lowery Street properties, the number of months of lost rental income for each piece of property, and the amount of lost rental income for each piece of property. Id. at 3. The total amount demanded for the nine properties is listed at "$ 35,750.00." Id.

Another fax from Boland, dated August 6, 2007, is also attached to the removal notice. The words "Loss of Income" are handwritten on the top of the fax, Def.'s Ex. 6 at 6 (Doc. No. 1-7), followed by the typewritten words "LIST OF TENANTS THAT MOVED AFTER TORNADO FOR AUGUST" and

a list of 20 pieces of property. Id. Next to each property is a handwritten indication of the monthly rental income for that property. Id. This list of properties is then repeated in a typewritten fax dated September 6, 2007.[1] Id. at 7. The September 6 fax also lists monthly rental income for each piece of property, but there are some discrepancies with the income listed for the same properties in the August 6 fax. Compare id. at 6 with id. at 7.[2]

Finally, a fourth communication from Boland, dated March 10, 2008, is attached to the removal notice. This document states that, "According to my records, below is a list of houses I received rent for 5 months (through

---

1. The property lists are not identical: The August 6 fax lists one Lowery Street address not included in the September 6 fax. The September fax lists two Lowery Street addresses not included in the August 6 fax.

2. In both documents, the monthly rental income for the Lowery Street properties is listed at $ 650 for each property. This monthly rental income is consistent with the $ 35,750 demanded for the Lowery Street properties in the June 3, 2008, fax.

July 2007) and I would like to be paid to March 1, 2008." Id. at 3. This statement is followed by a list of six properties on Nann Street. A parenthetical sentence after each address states that "need rent for 7 more months." Id. The document goes on to list seven more pieces of property, each followed by a parenthetical demand for compensation for a specified number of months of lost rental income. Although this document does not state the amount of rental income for the properties, all but one of the properties is also listed in the August 6 and September 6 faxes.[3]

Auto Owners explains the above-discussed documents in its notice of removal as follows:

> "Plaintiff provided documents to Defendant setting forth amounts of lost rent claimed which exceed $ 75,000. Plaintiff's documents provided to Defendant include a June 3, 2008

---

3. A West Adams Street property, for which Boland indicates that he "need[s] rent payment from November 2007 through February 2008," Def.'s Ex. 6 at 3, is not listed in either the August 6 or September 6 fax, id. at 6, 7.

5

>settlement demand of $ 35,750.00 for settlement of lost rent on certain Lowery Street Properties (Ex. '5'). Plaintiff has also submitted demands for lost rent on other properties/locations exceeding $ 48,000.00 (Compare Docs attached as Ex. '6'). This amount is determined by simple calculation of the designated monthly rental amounts (between $ 450.00 and $ 650.00) provided by Plaintiff by the number of months demanded for the property locations set forth in the attached March 10, 2008 letter of Plaintiff (See Ex. '6')."

Notice at 12-13 (Doc. No. 1-1).

## II. DISCUSSION

"A removing defendant bears the burden of proving proper federal jurisdiction," Leonard v. Enterprise Rent-a-Car, 279 F.3d 967, 972 (11th Cir. 2002), which "facts are assessed ... as of the time of removal." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1097 n.13 (11th Cir. 1994) (emphasis in original). "Where a plaintiff fails to specify the total amount of damages demanded, as is the case here, a defendant seeking removal based on diversity jurisdiction must prove by a preponderance of

the evidence that the amount in controversy exceeds the $ 75,000 jurisdictional requirement." Id. "[T]he removal-remand scheme set forth in 28 U.S.C. §§ 1446(b) and 1447(c) requires that a court review the propriety of removal on the basis of the removing documents." Lowery v. Ala. Power Co., 483 F.3d 1184, 1211 (11th Cir. 2007). "If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction. If not, the court must remand." Id. "Under this approach, jurisdiction is either evident from the removing documents or remand is appropriate." Id.

Because Boland did not specify an amount in controversy in his complaint, the burden is on Auto Owners to establish by a preponderance of the evidence that jurisdiction is proper. The court finds that Auto Owners has carried this burden by showing that Boland's claims for lost rental income alone exceed the requisite amount in controversy.

7

While a "settlement offer, by itself, may not be determinative, it counts for something." Burns, 31 F.3d at 1097.  Therefore, a "settlement letter is admissible evidence of the amount in controversy at the time of removal."  Bankhead v. Am. Suzuki Motor Corp., 529 F.Supp.2d 1329, 1333 (M.D. Ala 2008) (Thompson, J.).  To be sure, "[s]ettlement offers commonly reflect puffing and posturing." Jackson v. Select Portfolio Servicing, Inc., ____ F.Supp.2d ____, ____, 2009 WL 2385084 at *1 (S.D. Ala. July 31, 2009) (Steele, J.); see also Standridge v. Wal-Mart Stores, Inc., 945 F.Supp. 252, 257 (N.D. Ga. 1996) (O'Kelley, J.) ("[P]laintiff's letter is nothing more than posturing by plaintiff's counsel for settlement purposes and cannot be considered a reliable indicator of the damages plaintiff is seeking.").  "On the other hand, settlement offers that provide 'specific information ... to support [the plaintiff's] claim for damages' suggest the plaintiff is 'offering a reasonable assessment of the value of [his] claim' and are entitled

8


to more weight."  Jackson, ____ F.Supp.2d at ____, 2009 WL 2385084 at *1 (quoting Golden Apple Management Co., Inc. v. GEAC Computers, Inc., 990 F.Supp. 1364, 1368 (M.D. Ala. 1998) (Carroll, M.J.)); see also Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir. 2002) ("A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim.").

In this case, Boland's complaint raises claims for breach of insurance contracts that include coverage for loss of rental income. Prior to filing this lawsuit, Boland sent several documents to his insurer in which he demanded payment for lost rental income. In one of these documents, he demanded a total of $ 35,750 for rental income lost due to damage to the Lowery Street properties. This document included a property-by-property list of the "months unpaid" and the "amount needed" to cover the lost rent. In another document, Boland demanded lost rent for 13 other pieces of

property.  This document listed each property and the number of months of rent demanded.  The document also states the number of months for which he had already been compensated.  To be sure, this document does not list a total amount of lost rental income, nor does it provide the monthly rental income for any of the 13 properties.  However, Boland had previously submitted documents to his insurer listing monthly rental income for all but one of those properties.  Cross-referencing these lists and performing basic multiplication (lost monthly rental income by number of months) and addition (of the totals for each property), the court easily arrives at a total demand of $ 45,200 for 12 of the 13 properties.[4]  When

---

   4.  As stated above, a West Adams Street property, for which Boland indicates that he "need[s] rent payment from November 2007 through February 2008," Def.'s Ex. 6 at 3, is not listed in either the August 6 or September 6 fax, see id. at 6, 7, and is not included in the court's calculation.  It should also be reiterated that there are some discrepancies between the rental incomes listed for each property in Boland's August 6, 2007, fax, and those listed in his September 6, 2007, fax.  The $ 45,200 figure is derived from the rental incomes listed
(continued...)

combined with the demand for the Lowery Street properties, this results in a total demand of $ 80,950 in lost rental income.

As required by Lowery, 483 F.3d at 1211, the court finds that the requisite jurisdictional amount is "readily deducible" from the "face of [the removal] documents before the court." The court is unpersuaded by Boland's claim that the documents are "certainly far from clear and unambiguous in establishing any sort of amount in controversy." Pl.'s Br. at 7. Instead, the court finds that the documents, read together, represent Boland's own specific and reasonable estimates of the lost rental income for his properties.[5]

---

(...continued)
in the September 6 fax, which is entirely typewritten and was sent later in time. If the rental incomes listed in the August 6 fax are used (and if it is assumed that the handwritten figure for the Damascus Street address is $ 450), the demand equals $ 46,950.

5. If the lowest figures from all the documents are used (thereby giving Boland the benefit of all doubt), the demand for the property other than that on Lowery
(continued...)

11

The court is also unmoved by Boland's contention that "even if [the documents] did establish an amount in excess of $ 75,000 ... there is no evidence that the Court can consider at the time of removal showing whether or not all of these claims are still unpaid." Id. While this is true, the evidence that is before the court shows that Boland made these estimates and demands, and, because there is no evidence that the demands were ever satisfied, in whole or in part, the evidence remains unrefuted that the demands are still outstanding.[6]

---

(...continued)
Street is $ 43,600, which when combined with the Lowery Street property demand equals $ 79,350, an amount still far above the jurisdictional amount required.

6. Boland denies that these documents were demand letters. See Pl.'s Br. at 7. The court finds it difficult to reconcile this position with the language of the documents. In his June 3, 2008 fax, Boland states, "If Auto Owners will settle this claim on Lowery this week, I will let it rest," and then lists $35,750 as the total "AMT NEEDED." Def.'s Ex 5 at 2, 3. In his March 10, 2008 fax, Boland states, "below is a list of houses I received rent for 5 months (through July 2007) and I would like to be paid to March 1, 2008." Def.'s Ex. 6 at 3. After each property, Boland indicates that he
(continued...)

Finally, the court rejects Boland's suggestion that it is "[im]proper to aggregate a plaintiff's multiple claims under multiple insurance policies to determine the amount in controversy."  Id. at 4.  It is well-established that a single plaintiff may aggregate "entirely unrelated claims against a single defendant" to meet the amount-in-controversy requirement.  14A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3704 (3d ed. 2009); see also Snyder v. Harris, 394 U.S. 332, 335 (1969) (aggregation is permitted "in cases in which a single plaintiff seeks to aggregate two or more of his own claims against a single defendant").  There is no reason to treat claims under separate insurance policies differently.  See Bley

---

(...continued)
"need[s] rent for" a specified number of months.  Id. These documents are clearly demand letters.

Moreover, regardless of whether the documents can properly be characterized as "demand letters," the court finds that the relevant question is whether they are specific and reasonable estimates of the lost rental income for each piece of property.  As noted above, the court finds that they are such estimates.

13

<u>v. Travelers Ins. Co.</u>, 27 F.Supp. 351, 358 (S.D. Ala. 1939) (McDuffie, J.) (citing cases for the proposition that "the aggregate amount for which judgment was prayed upon several claims on insurance policies determines the jurisdictional amount").

***

Accordingly, it is the ORDER of the court that plaintiff B.F. Boland's motion for remand (doc. no. 8) is denied.

DONE, this the 7th day of December, 2009.

                                        /s/ Myron H. Thompson
                                  **UNITED STATES DISTRICT JUDGE**